IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| KENNETH MOSELY, | § | |
| --- | --- | --- |
| Petitioner, | § | |
| v. | § | Civil Action No. 3:03-CV-1577-N |
| NATHANIEL QUARTERMAN, | § | |
| Respondent. | § | |

## **ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION**

This Order addresses Petitioner Mosley's and Respondent Quarterman's objections to the Magistrate Judge's Findings, Conclusions, and Recommendation ("FC&R").

### I. AEDPA COMPLIANCE

In a *cri de coeur*, "Petitioner objects to the Magistrate Judge's strict adherence to the AEDPA heightened review standards." Pet. Obj. at 7. Notwithstanding Mosley's disdain for Texas state court procedures, this Court's review of his claims is controlled by statute, which largely determines the outcome of this proceeding. *See* Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. The Court overrules this objection.

### II. VICTIM IMPACT EVIDENCE

The Court next addresses Petitioner Mosley's objection to the FC&R's disposition of Mosley's claim for ineffective assistance of counsel relating to victim impact evidence. Mosley's ineffective assistance of counsel claim must meet the familiar two-prong test of

*Strickland v. Washington*, 466 U.S. 668 (1984), and demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Id.* at 687. This Court conducts de novo review of the portion of the FC&R to which proper objection was made. 28 U.S.C. § 636(b). The FC&R, however, reviews the determination of the state court under the deferential standards of AEDPA. In considering this objection, the Court will assume that Mosley has shown the admission without objection of the testimony and argument at issue satisfies the first prong of *Strickland*. Nonetheless, the Court overrules the objection because Mosley cannot meet the second, prejudice prong.

### A. Failure Adequately to Object to the FC&R's Determination of No Prejudice

Initially, the Court finds that Mosley fails adequately to object to the FC&R's alternative holding that Mosley failed to establish prejudice. In Mosley's 27 pages of argument on this point, *see* Pet. Obj. at 9-35, he mentions prejudice briefly three times at the conclusion of his objection.[1] Assuming for the sake of discussion that Mosley actually

---

[1] *See id.* at 32 ("There is no possible way that the admission of this testimony, and the exploitation of this testimony during closing argument, did not affect and influence the jury's verdict."); *id.* at 34 ("Such evidence is irrelevant to guilt, irrelevant to the issue of how the victim died and caused incurable prejudice."); *id.* at 35 ("The Magistrate Judge's opinion fails to properly apply the AEDPA standard of review on this issue because, like the state courts, the Magistrate Judge erroneously found that Ms. Moore's emotional testimony was not 'victim impact evidence' and did not prejudice Petitioner's trial. [¶] Petitioner strenuously objects to this finding. Petitioner further objects to the Magistrate Judge's recommendation that relief on this claim be denied. Having demonstrated that trial counsel failed to object to clearly inadmissible evidence, that the evidence qualifies as 'victim impact evidence,' that all prior courts failed to properly apply clearly established Federal law as determined by the United States Supreme Court, and that Petitioner was prejudiced by the admission and consideration of this evidence, relief should be granted. . . . Petitioner was further unduly prejudiced by this testimony . . . .").

objected to the determination of "no prejudice,"[2] the Court finds that Mosley does not sufficiently object to the determination of no prejudice, as required by section 636(b) and Rule 72.

Referrals to magistrate judges for findings and recommendations are authorized by 28 U.S.C. § 636(b)(1)(B):

> a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, . . . of applications for posttrial relief made by individuals convicted of criminal offenses . . . .

Section 636(b)(1) also provides for district court review of the proposed findings and recommendations:

> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made.

Rule 72 of the Rules of Civil Procedure amplifies the objection requirement: "Within 10 days after being served with a copy of the recommended disposition, a party may serve and file *specific*, written objections to the proposed findings and recommendations." FED. R. CIV. P.

---

[2] It is not clear that Mosley ever explicitly objected to the finding of no prejudice. In context, his statement that "Petitioner strenuously objects to this finding," *id.* at 35, appears to be directed to the FC&R's determination that the state court's determination of no victim impact evidence did not violate AEDPA, the subject of Mosley's prior 26 pages of argument, which were substantially devoid of any reference to prejudice.

72(b) (emphasis added).[3] The salient difference here is the requirement that objections be specific.

In *Thomas v. Arn*, 474 U.S. 140 (1985), the Supreme Court addressed the consequences of a failure to object. There the Sixth Circuit had adopted a rule that conditioned any appeal of a district court's adoption of a magistrate judge's findings and recommendations upon filing objections in the district court identifying those issues on which further review is desired. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The Supreme Court held that such a rule was a valid exercise of that court's supervisory authority and did not violate the Federal Magistrates Act or the Constitution. 474 U.S. at 146-55. The Court, in part, focused on the practicalities and need for judicial economy:

> The filing of objections to a magistrate's report enables the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute. The Sixth Circuit's rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from "sandbagging" the district judge by failing to object and then appealing. Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources.

*Id.* at 147-48 (footnote omitted). The Court also noted the need to notify the parties of the consequences of failure to object. *Id.* at 155.

Following *Thomas v. Arn*, the Fifth Circuit adopted a somewhat more forgiving rule than the Sixth Circuit. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)

---

[3]The 2007 stylistic amendments omit the comma after "specific."

(en banc) (overruling in part *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982) (en banc)). In *Douglass*, the Circuit held that

> failure to object timely to a magistrate judge's report and recommendation bars a party, except upon grounds of plain error . . . , from attacking on appeal not only the proposed factual findings . . . , *but also* the proposed legal conclusions, accepted . . . by the district court, provided that the party has been served with notice that such consequences will result from a failure to object . . . .

*Id.* at 1417 (emphasis in original).[4]

Thus at the district court stage, the focus is not on why a party should prevail, but rather on why the magistrate judge's findings and recommendations are in error. Consequently, it is not sufficient at the district court stage simply to refer to the arguments unsuccessfully made before the magistrate judge – the objecting party must identify the error in the findings and recommendations. *See, e.g.*, *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th

---

[4]As required by *Arn* and *Douglass*, the FC&R here advised Mosley:
Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).
FC&R at 56.

Cir. 1993) ("Although Edmond filed written objections to the magistrate's findings, these objections consisted solely of a copy of the brief filed to support the original habeas petition to the district court. Edmond thus did not raise a factual objection by merely reurging arguments contained in the original petition.") (citation omitted). The Fifth Circuit has also noted the converse of the requirement of a specific objection: a conclusory objection is insufficient. *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc) ("Frivolous, conclusive or general objections need not be considered by the district court."), overruled on other grounds by *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir.1996) (en banc). *Accord Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (de novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."); *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006) ("perfunctory" objections do not merit de novo review); *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 281 F. Supp. 2d 436, 439 (N.D.N.Y. 2003) ("Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a magistrate judge's report-recommendation to which a party specifically objects. However, '[w]hen parties make only frivolous, conclusive or general objections, the court reviews the report-recommendation for clear error.'") (citations omitted).

Consistent with Rule 72's requirement of a specific objection, many Circuits have held that in order to be specific, an objection must not only identify the finding or recommendation to which objection is made, but also must state the basis for the objection.

For example, the Seventh Circuit held in *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988), that "an objection stating only 'I object' preserves no issue for review . . . . A district judge should not have to guess what arguments an objecting party depends on when reviewing a magistrate's report." *Accord Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error. We should not permit appellants to do the same to the district court reviewing the magistrate's report."); *Pendleton v. Rumsfeld*, 628 F.2d 102, 106 (D.C. Cir. 1980) (objections that "failed to enlighten as to the specifics of what was wrong with the magistrate's work product, except that it upheld the contentions of the wrong party" thus also "failed to call [district judge's] attention to any errors," making it "too late" to raise on appeal); *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("only an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance"); *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (nonconclusory objection still inadequate when it did not direct district court to trial transcript showing error in magistrate's findings and recommendations). Many district courts have also required an explanation for the basis of an objection.[5]

---

[5]*See, e.g.*, *Betancourt v. Ace Ins. Co. of P.R.*, 313 F. Supp. 2d 32, 35 (D.P.R. 2004) (objection that "does not provide any specific analysis to contradict or counter the Magistrate's conclusions of law" is inadequate); *Racoon Recovery, LLC v. Navoi Mining &*
ORDER – PAGE 7

The Court finds that Mosley has at best made only a conclusory objection to the FC&R's holding regarding prejudice. *See* FC&R at 14. He certainly has not presented the basis for any objection. Accordingly, Mosley is entitled to only plain error review of the FC&R's determination on the no prejudice point. As discussed in the following section, the Court finds no error, much less plain error.[6]

## B. *The FC&R Correctly Found No Error in the State Court's Prejudice Holding*

The state trial court made the following findings and conclusions regarding prejudice, which the Texas Court of Criminal Appeals ("CCA") adopted:

> 54. The Court finds that Applicant has failed to prove by a preponderance of the evidence that there is a reasonable probability that the outcome of the trial would have been different had his lawyers objected to the portions of Moore's testimony that constituted victim impact evidence and/or the prosecution arguments referencing her testimony.

---

*Metallurgical Kombinat*, 244 F. Supp. 2d 1130, 1144 (D. Colo. 2002) ("A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review by the district court."); *Victoria's Secret Stores v. Artco Equip. Co.*, 194 F. Supp. 2d 704, 716 (S.D. Ohio 2002) ("The Court finds defendants' objection that given the applicable standards 'they are flabbergasted that the Magistrate has recommended that the Court should enter a judgment of default in the instant action' fails to meet the specificity required by the statute."); *United States v. Molinaro*, 683 F. Supp. 205, 211 (E.D. Wis. 1988) ("Without specific reference to portions of the Magistrate's decision and legal discussion on the objected portion, the district court's duty to make a *de novo* determination does not arise. The general statements that a party 'objects' and 'incorporates all arguments previously made to the magistrate' will not suffice.").

[6] The Court hastens to note it is not criticizing Mosley's able habeas counsel. Counsel is plainly aware of the need to show prejudice. Counsel may have taken refuge in the rhetorical device of hoping the lengthy, strong arguments that the evidence at issue was indeed victim impact evidence would distract from the absence of any substantive argument regarding prejudice. Counsel's failure to say much about prejudice is perhaps the best indication that there is not much to be said on that point.

> 55. The Court concludes that Applicant was not prejudiced by his trial strategy to allow the admission of Moore's testimony in the guilt phase and to allow the prosecutors to reference the testimony in the guilt phase arguments.

State Habeas Record at 498.[7] These appear to constitute both a factual finding – Mosley failed to show a reasonable probability that the outcome of the trial would have been different – and a legal conclusion – Mosley was not prejudiced.

Under AEDPA, this Court cannot grant relief on a factual claim unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding." 28 U.S.C. § 2254(d)(2). Moreover, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1). With regard to a state court's legal conclusions, this Court cannot grant relief unless adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *Id.* § 2254(d)(1).

*Strickland* held that subsidiary state court fact findings are entitled to deference, but the ultimate determination of prejudice is a mixed question of law and fact:

---

[7]Intially, the state trial court made findings of fact and conclusions of law. *See* State Habeas Record at 486. The CCA adopted the trial court's findings and conclusions (excepting Nos. 46-49, 128-3, 146, 148, 149, 160-85, and 256-343). *Ex parte Kenneth Mosley*, No. 50,421-01 (Tex. Crim. App. July 2, 2002) (per curiam).

> Finally, in a federal habeas challenge to a state criminal judgment, a state court conclusion that counsel rendered effective assistance is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. § 2254(d). Ineffectiveness is not a question of "basic, primary, or historical fac[t]," *Townsend v. Sain*, 372 U.S. 293, 309, n.6 (1963). Rather, like the question whether multiple representation in a particular case gave rise to a conflict of interest, it is a mixed question of law and fact. *See Cuyler v. Sullivan*, 446 U.S. at 342. Although state court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of § 2254(d), and although district court findings are subject to the clearly erroneous standard of Federal Rule of Civil Procedure 52(a), both the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact.

*Strickland v. Washington*, 466 U.S. 668, 698 (1984). The Court will, therefore, review the CCA's determination of no prejudice under section 2254(d)(1).

To establish prejudice under *Strickland*, a defendant must show that counsel's deficient performance had a reasonable probability of altering the outcome of the underlying trial:

> We hold that, as a matter of law, counsel's conduct complained of here cannot establish the prejudice required for relief under the second strand of the *Strickland* inquiry. Although a defendant need not establish that the attorney's deficient performance more likely than not altered the outcome in order to establish prejudice under *Strickland*, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S., at 694. According to *Strickland*, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Ibid.*

*Nix v. Whiteside*, 475 U.S. 157, 175 (1986). The CCA thus applied the correct articulation of the *Strickland* prejudice test. The only remaining question then is whether the CCA unreasonably applied that principle to the facts of the case, or in other words, applied *Strickland* in an objectively unreasonable manner. *Williams v. Taylor*, 529 U.S. 362, 411,

413 (2000) (O'Connor, J., concurring); *Haynes v. Cain*, 298 F.3d 375, 379-80, 382 (5th Cir. 2002) (en banc).

*Strickland* teaches that prejudice is less likely when the evidence against the accused is strong: "a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." 466 U.S. at 696. The Fifth Circuit has on several occasions upheld a finding of no prejudice when the evidence of guilt was overwhelming. *See, e.g.*, *Leal v. Dretke*, 428 F.3d 543, 549 (5th Cir. 2005) ("After reviewing Dr. Tryon's testimony and the trial record, we are convinced that reasonable jurists could not debate the district court's conclusion that, in light of the evidence produced at trial, the state court's conclusion that Leal failed to satisfy the prejudice prong of *Strickland* was objectively reasonable."); *Henderson v. Cockrell*, 333 F.3d 592, 602-03 (5th Cir. 2003) (finding no prejudice because, "[a]s the state court correctly observed, the evidence of Henderson's guilt was overwhelming"); *United States v. Royal*, 972 F.2d 643, 651 (5th Cir. 1992) (holding that overwhelming evidence of guilt supported conclusion that defendant had not been prejudiced by counsel's performance); *United States v. Goodley*, 183 Fed. Appx. 419, 425 (5th Cir. 2006) (unpub.) ("In light of this overwhelming evidence of guilt, Chavez's alleged errors cast no doubt on the result of Goodley's trial."). The Court finds here that the evidence of guilt was so overwhelming, the CCA's determination of no prejudice was a reasonable application of *Strickland*.

The FC&R summarizes the evidence at trial. Mosley does not dispute that: he entered the Bank One in Garland with the intention of robbing it; when Officer Moore approached

Mosley, Mosley drew a semiautomatic 9 millimeter handgun from under his shirt; Moore and Mosley struggled and fell through a window; during the course of the struggle Mosley's gun fired five times before jamming; and four out of the five rounds struck Officer Moore, killing him. Mosley contested only the issue of intent. The state offered ample evidence that Mosley deliberately killed Officer Moore; the crucial evidence on Mosley's side of the case was his own testimony regarding the circumstances of the offense.[8] Mosley claimed the struggle began as he (Mosley) was attempting to surrender his weapon to Officer Moore. He also claimed he had no recollection of the gun firing during the struggle and did not intend to harm Officer Moore. Both aspects of Mosley's testimony are not believable.

Mosley testified that after Officer Moore approached him and tried to grab his arm, Mosley drew his gun in order to surrender it. R. 41:51.[9] Mosley then testified that Officer Moore grabbed Mosley's right arm (which was holding the gun) with Moore's left hand, and Moore with his right hand reached to take the gun away. *Id.* Mosley testified that he then "grabbed [Moore's] hand to kind of steady him a little, you know, to say wait a minute, let me give this to you." R. 41:52. Mosley further testified that Moore then tried to draw his (Moore's) gun with his right hand, "so I took my left hand and I reached out and grabbed his hand to stop him from pulling his gun out to let him know, you know, wait a minute, you

---

[8] The Court will not recap the state's evidence on intent, as it is set forth in the FC&R. The Court is aware of and has considered Mosley's other exculpatory testimony, but finds it of minimal importance relative to Mosley's testimony and the state's evidence. It does not alter the analysis here of the reasonableness of the state court's application of *Strickland*.

[9] Citations to the trial court transcript are in the form: R. *volume*:*page*.

know, let me – you know, let me give this to you, let's – you know, let's end this." *Id.* Mosley also testified that the next thing he recalled was hitting the ground after falling through the window and observing that his gun had jammed. *Id.* Mosley testified that he had no memory of his gun firing, R. 41:53, he had no intent to kill Officer Moore, R. 41:54, and that during the whole time of the struggle, he "wanted to give [Officer Moore] the gun . . . ." R. 41:55.[10]

First, Mosley's account of the onset of the struggle was, literally, incredible. He claims he drew his gun in order to surrender it. When Officer Moore tried to grab Mosley's gun, Mosley grabbed Officer Moore's hand, thus preventing Moore from taking Mosley's gun, supposedly "to say, wait a minute, let me give this to you." When Officer Moore tried to draw his own gun, Mosley grabbed Officer Moore's hand to stop Officer Moore from drawing his gun and thereby somehow let Officer Moore know that Mosley wanted to surrender his weapon and "end this." In essence, Mosley testified that in order to surrender his weapon, he had to fight Officer Moore for it.[11] Such an implausible story deserves no credence.

Second, Mosley's account – or nonaccount, since he claims to have no memory – of Officer Moore's shooting begs belief. According to Mosley, he must have accidentally

---

[10] Mosley also claims that he did not bring the gun into the bank to facilitate the robbery. Rather, because his truck was missing a window, he "didn't feel comfortable leaving it in the truck, you know, so I took it with me." R. 41:48.

[11] *Cf.* "It became necessary to destroy the village in order to save it." (quote attributed by journalist Peter Arnett to unnamed American major following destruction of Vietnamese village Ben Tre).

discharged his gun five times during the course of the struggle.[12] And although Mosley had no intent to harm Officer Moore, and certainly was not aiming at him, in a string of unlikely, unfortunate coincidences, four of the five accidental discharges struck Officer Moore.[13] To compound matters, the entire time Mosley was attempting to surrender his gun to Officer Moore. Again, in essence, Mosley testified that as he attempted to surrender his gun to Officer Moore, he accidentally discharged it five times, hitting Officer Moore four times and killing him. Mosley's testimony strains common sense and the laws of probability past belief.

The CCA certainly could have determined that Mosley's testimony of his attempt to "surrender" his gun was so unbelievable, it would not have raised a reasonable doubt in the face of the state's evidence, even absent the victim impact testimony. Accordingly, on this record, the CCA's conclusion of no prejudice is an objectively reasonable application of *Strickland*. The Court, therefore, overrules Mosley's objection to the FC&R relating to victim impact evidence.

---

[12]Query if Mosley would have accidentally discharged even more rounds had the gun not jammed.

[13]"Once is happenstance, twice is coincidence, the third time it's enemy action." IAN FLEMING, GOLDFINGER, at v (Penguin Books 2002). And the fourth time proves intent.

## Conclusion

The Court overrules the other objections to the FC&R for the reasons stated in the FC&R. The Court, having conducted a de novo review of those portions of the FC&R to which sufficient objection was made, and having overruled those objections, now adopts the FC&R.

Signed March 6, 2008.

_David C. Godbey_
David C. Godbey
United States District Judge